**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

CHRISTOPHER SPARKS,

        Plaintiff,

vs.

WRIGHT MEDICAL TECHNOLOGY
INC. and WRIGHT MEDICAL GROUP,
INC.,

        Defendants.

No. 12-CV-84-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

*I.*    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.*   *PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.*  *SUBJECT MATTER JURISDICTION* . . . . . . . . . . . . . . . . . . . . . . . . *2*

*IV.*  *STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*V.*   *FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*VI.*  *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

    *A.*   *Motion to Dismiss* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
        *1.*   *Statute of limitations* . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
           *a.*   *Parties' arguments* . . . . . . . . . . . . . . . . . . . . . . *5*
           *b.*   *Applicable law* . . . . . . . . . . . . . . . . . . . . . . . . *5*
           *c.*   *Application* . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
        *2.*   *Implied warranty of fitness for a particular purpose* . . . . . . *8*
           *a.*   *Parties' arguments* . . . . . . . . . . . . . . . . . . . . . . *8*
           *b.*   *Applicable law* . . . . . . . . . . . . . . . . . . . . . . . . *9*
           *c.*   *Application* . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
    *B.*   *Motion to Strike Claim for Punitive Damages* . . . . . . . . . . . . . . . . *10*
        *1.*   *Parties' arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . *10*
        *2.*   *Applicable law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*
        *3.*   *Application* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

1

***VII. CONCLUSION*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**

## *I. INTRODUCTION*

The matter before the court is Defendants Wright Medical Technology, Inc. and Wright Medical Group, Inc.'s (collectively, "Defendants") "Motion to Dismiss Counts II, III, and IV of Plaintiff's Complaint and to Strike Claim for Punitive Damages" ("Motion") (docket no. 5).

## *II. PROCEDURAL HISTORY*

On August 27, 2012, Plaintiff Christopher Sparks filed the Complaint (docket no. 1). In the Complaint, Sparks alleges: (1) strict liability (Count I); (2) breach of express warranty (Count II); (3) breach of implied warranty of fitness for a particular purpose (Count III); (4) breach of implied warranty of merchantability (Count IV); and (5) negligence (Count V).

On November 30, 2012, Defendants filed the Motion. On December 5, 2012, Sparks filed a Resistance (docket no. 7). Defendants request oral argument on the Motion. The court finds that oral argument is unnecessary. The Motion is fully submitted and ready for decision.

## *III. SUBJECT MATTER JURISDICTION*

The court has diversity jurisdiction over this case because complete diversity exists among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . .").

Sparks is a citizen of Iowa. Wright Medical Group, Inc. is a Delaware corporation with its principal place of business in Arlington, Tennessee. Wright Medical Technology, Inc. is a Delaware corporation and is a wholly owned subsidiary of Wright Medical Group, Inc.

## IV. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl.*, 550 U.S. at 556).

Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl.*, 550 U.S. at 555) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2)]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl.*, 550 U.S. at 555). "Where the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

## V. FACTUAL BACKGROUND

Accepting all factual allegations in the Complaint as true and drawing all

reasonable inferences in favor of Sparks, the facts are as follows[1]:

Defendants design, manufacture, market and sell reconstructive joint devices to orthopaedic patients. On November 11, 2002, Sparks underwent hip implant surgery in Iowa using a hip implant that Defendants designed and manufactured. After the surgery, Sparks experienced pain in his right hip, groin and deep anterior right thigh. Complaint ¶ 11. On October 6, 2011, blood tests showed elevated levels of cobalt and chromium in Sparks's blood causing Sparks to undergo a revision surgery to remove the hip implant on November 22, 2011. Complaint ¶ 13.

## VI. ANALYSIS

First, the court will consider whether the applicable statute of limitations bars Sparks's breach of express warranty claim, breach of implied warranty of fitness for a particular purpose claim and breach of implied warranty of merchantability claim (collectively, "breach of warranty claims"). Next, the court will turn to the issue of whether Sparks adequately pleaded his breach of implied warranty of fitness for a particular purpose claim. Finally, the court will determine whether Sparks's allegations in the Complaint are sufficient to support a claim for punitive damages.

The court shall apply Iowa law in its analysis. *See Hammonds v. Hartford Fire Ins. Co.*, 501 F.3d 991, 996 n.6 (8th Cir. 2007) ("[A] district court sitting in diversity applies the substantive law of the state in which it is located." (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938))). The parties do not dispute that Iowa law applies in this diversity action.

---

[1] *See Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 365 (8th Cir. 2011) ("[W]e are 'bound to accept as true, for purposes of [a Rule 12(b)(6) ] motion, the facts alleged by the plaintiff.'") (second alteration in original) (quoting *Stephens v. Associated Dry Goods Corp.*, 805 F.2d 812, 814 (8th Cir. 1986)).

### A. Motion to Dismiss

### 1.    Statute of limitations

#### a.    Parties' arguments

The parties agree that Iowa Code section 614.1(4), which provides a five-year statute of limitations for unwritten breach of warranty claims, sets forth the relevant statute of limitations for Sparks's breach of warranty claims.[2]  In the Motion, Defendants argue that the court should grant the Motion with respect to Sparks's breach of warranty claims because the relevant statute of limitations bars the breach of warranty claims.  Defendants contend that the statute of limitations for the breach of warranty claims began to run when Sparks received the hip implant on November 11, 2002, and, thus, the breach of warranty claims filed on August 27, 2012, are untimely.

Sparks argues that the statute of limitations does not bar the breach of warranty claims and the court should deny the Motion.  Sparks claims that the court should apply the discovery rule to determine when the statute of limitations began to run.  According to Sparks, the statute of limitations did not begin to run until October 16, 2011, when Sparks discovered the potential breach of warranty through the blood test and, thus, the breach of warranty claims filed on August 27, 2012, are timely.

#### b.    Applicable law

At the outset, the court notes that Defendants properly raised their statute of limitations defense in the Motion.  *See Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011) (holding that because the facts alleged in the plaintiff's complaint established that the applicable statute of limitations barred the plaintiff's claims, the district court properly granted the defendant's Rule 12(b)(6) motion).

Under Iowa Code section 614.1(4), a plaintiff must bring a breach of warranty

---

[2] Sparks does not refer to a statute of limitations in the Complaint but cites to Iowa Code section 614.1(4) in the Resistance.  Resistance at 2.

claim with respect to an unwritten contract within five years of the date the cause of action accrued. Iowa Code § 614.1(4). With respect to a contract for a sale of goods,

> a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Iowa Code § 554.2725(2).[3]

As discussed above, Sparks argues that the court should apply the discovery rule, rather than Iowa Code section 554.2725(2), to determine when the statute of limitations began to run. The discovery rule provides that "a cause of action does not accrue until the injured party has actual or imputed knowledge of the facts that would support a cause of action." *Speight v. Walters Dev. Co.*, 744 N.W.2d 108, 116 (Iowa 2008). In *Brown v. Ellison*, 304 N.W.2d 197 (Iowa 1981), the Iowa Supreme Court held that

> the discovery rule is applicable to cases arising from express and implied warranties. This holding, of course, does not apply to situations in which statutes expressly provide that a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *See*, *e.g.*, [Iowa Code] § 554.2725.

*Id*. at 201, *overruled on other grounds by Franzen v. Deere & Co.*, 334 N.W.2d 730

---

[3] Chapter 554 of the Iowa Code is Iowa's version of the Uniform Commercial Code ("U.C.C."). Chapter 554 of the Iowa Code "applies to transactions in goods." Iowa Code § 554.2102. Goods are "all things . . . which are moveable at the time of identification to the contract for sale." Iowa Code § 554.2105. The contract in the instant action qualifies as a "transaction in goods" because the hip implant is a moveable thing. *See id*. Thus, chapter 554 applies to Sparks's breach of warranty claims.

(Iowa 1983);[4] *see also Speight*, 744 N.W.2d at 116 (finding that, because the plaintiff's claim was not based on a sale of goods, Chapter 554 of the Iowa Code, specifically, section 554.2725, did not apply and, therefore, the discovery rule applied because there was no applicable statute providing that the cause of action accrues when the breach occurs).

In *Fell v. Kewanee Farm Equipment Co.*, 457 N.W.2d 911 (Iowa 1990), the Iowa Supreme Court discussed the application of Iowa Code section 554.2725 to a products liability action. *Id*. at 918-19. In *Fell*, the plaintiff was injured while using a piece of farm equipment. *Id*. at 913. The plaintiff filed strict liability, negligence and breach of implied warranty claims against the manufacturer of the farm equipment. *Id*. The defendant argued that the statute of limitations began to run at the time the farm equipment was delivered pursuant to Iowa Code section 554.2725. *Id*. at 918. Therefore, the defendant claimed that the statute of limitations had already run and barred the plaintiff's breach of warranty claim. *Id*. The Iowa Supreme Court held that Iowa Code section 554.2725 applies to all breach of warranty claims that invoke the U.C.C. *Id*. at 919. Accordingly, the statute of limitations began to run when the defendant delivered the product pursuant to Iowa Code section 554.2725 and the plaintiff's breach of warranty claim was untimely. *Id*.

Thus, in a products liability case based on a contract for the sale of goods, chapter 554 of the Iowa Code applies and the statute of limitations on a plaintiff's breach of warranty claim begins to run when the seller makes tender of delivery, regardless of the plaintiff's lack of knowledge of any alleged breach. *See id.*; Iowa Code § 554.2725.

---

[4] The court notes that in *Franzen*, the Iowa Supreme Court held that the discovery rule applied to breach of warranty claims in a products liability case. *Franzen*, 334 N.W.2d at 732. The Iowa Supreme Court specifically noted that the exceptions provided for in *Brown* were not present in *Franzen*. *Id*. Thus, because Iowa Code section 554.2725 applies to the instant action, the holding in *Franzen* does not apply.

### c.    Application

The court finds that the discovery rule does not apply to Sparks's breach of warranty claims because the discovery rule "does not apply to situations in which statutes expressly provide that a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." *Brown*, 304 N.W.2d at 201; *see id.* (noting that the discovery rule does *not* apply when Iowa Code section 554.2725 applies). Rather, the statute of limitations on Sparks's breach of warranty claims began to run "when the breach occur[red]," pursuant to Iowa Code section 554.2725. Iowa Code § 554.2725; *see also Fell*, 457 N.W.2d at 919 (applying Iowa Code section 554.2725 to an implied warranty action based on a sale of goods because "remedies under the [U.C.C.] should be governed by the limitations period of the same statute").

Defendants breached the warranties, if at all, when Sparks received the hip transplant on November 11, 2002. *See Fell*, 457 N.W.2d at 919 (finding that the breach occurred when the defendant delivered the goods). Therefore, the five-year statute of limitations expired on November 11, 2007. *See* Iowa Code § 614.1(4). The court finds that, because Sparks did not bring the instant action until August 27, 2012, the breach of warranty claims are untimely. The court shall grant the Motion to the extent that it requests dismissal of Counts II, III and IV.

### 2.    *Implied warranty of fitness for a particular purpose*

### a.    *Parties' arguments*

In the Motion, Defendants argue that the court should dismiss Sparks's claim for breach of implied warranty of fitness for a particular purpose because Sparks used the hip implant for its "ordinary and intended purpose." Brief in Support of Motion (docket no. 5-1) at 4. Sparks counters that the court should deny the Motion with respect to this claim because the Complaint alleges sufficient facts to support such a claim. Specifically, Sparks alleges that he may have intended to use the hip implant with a "level and intensity of use . . . different from the 'ordinary' use to which another hip arthoplasty patient might

employ." Resistance at 3.

### b.    Applicable law

Under Iowa Code section 554.2315, to sufficiently state a claim for breach of implied warranty of fitness for a particular purpose, a plaintiff must show: "(1) the seller had reason to know of the buyer's particular purpose; (2) the seller had reason to know the buyer was relying on the seller's skill or judgment to furnish suitable goods; and (3) the buyer in fact relied on the seller's skill or judgment to furnish suitable goods." *Renze Hybrids, Inc. v. Shell Oil Co.*, 418 N.W.2d 634, 637 (Iowa 1988); *see also* Iowa Code § 554.2315 ("Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under section 554.2316 an implied warranty that the goods shall be fit for such purpose."). A particular purpose "envisages a specific use by the buyer which is peculiar to the nature of his business" and is something that goes beyond uses "which are customarily made of the goods in question." Iowa Code § 554.2315, cmt. 2.

### c.    Application

The court finds that Sparks failed to adequately allege the elements of a claim for breach of implied warranty of fitness for a particular purpose. In the Complaint, Sparks fails to describe an intended particular purpose of the hip implant that is beyond ordinary. Further, even if consideration is given to Sparks's additional argument in the Resistance that "the level and intensity of use that [Sparks] intended to use the [hip implant], given his lifestyle before the onset of degenerative changes in his natural hip, might be very different from the 'ordinary' use to which another hip arthoplasty patient might employ his or her hip prosthesis," Resistance at 3, the court concludes that Sparks has failed to adequately plead a claim for breach of implied warranty of fitness for a particular purpose. Specifically, Sparks fails to allege that Defendants "had reason to know of [his] particular purpose; . . . had reason to know [Sparks] was relying on [Defendants'] skill or judgment

to furnish suitable goods[] and . . . [Sparks] in fact relied on [Defendants'] skill or judgment to furnish suitable goods." *Renze*, 418 N.W.2d at 637. Therefore, the court shall grant the Motion to the extent that it requests dismissal of Count III for this additional reason.

## B.  Motion to Strike Claim for Punitive Damages

### 1.  Parties' arguments

In the Motion, Defendants argue that the court should strike Sparks's claim for punitive damages as "immaterial and impertinent because such relief is unavailable under the facts alleged." Brief in Support of Motion at 5. Defendants contend that Sparks alleges that Defendants' conduct, at most, amounts to negligence, which is insufficient to support a claim for punitive damages. Sparks counters that the allegations in the Complaint are sufficient to support a claim for punitive damages.

### 2.  Applicable law

In Iowa, a court or jury may only award punitive damages when a plaintiff has shown "by a preponderance of clear, convincing, and satisfactory evidence" that the defendant acted with "willful and wanton disregard for the rights or safety of another." Iowa Code § 668A.1(1). Willful and wanton conduct occurs when a defendant "has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow, and which thus is usually accompanied by a conscious indifference to the consequences." *Fell*, 457 N.W.2d at 919 (quoting W. Page Keeton et al., *Prosser & Keeton on the Law of Torts* § 34, at 213 (5th ed. 1984)). "Punitive damages serve as a form of punishment, and as such, mere negligent conduct is not sufficient to support such a claim." *Cawthorn v. Catholic Health Initiatives Iowa Corp.*, 743 N.W.2d 525, 529 (Iowa 2007). A plaintiff can recover punitive damages "when the defendant acted with actual or legal malice." *Id.* "'Actual malice may be shown by such things as personal spite, hatred, or ill-will and legal malice may be shown by wrongful conduct committed with a willful or reckless disregard for the

rights of another.'" *Wolf v. Wolf*, 690 N.W.2d 887, 893 (Iowa 2005) (quoting *Jones v. Lake Park Care Ctr., Inc.*, 569 N.W.2d 369, 378 (Iowa 1997)). Furthermore, under Federal Rule of Civil Procedure 9(b), a plaintiff may generally allege "malice, intent, knowledge, and other conditions of a person's mind." Fed. R. Civ. P. 9(b). The Eighth Circuit Court of Appeals has upheld motions to strike a claim for punitive damages when the underlying action does not allow an incidental claim for punitive damages. *See BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 916-17 (8th Cir. 2007) (affirming the district court's decision to strike a claim for punitive damages when the plaintiff failed to sufficiently plead the underlying fraud claim on which his request for punitive damages was based); *see also Rohweder v. Aberdeen Prod. Credit Ass'n*, 765 F.2d 109, 113 (8th Cir. 1985) (affirming the district court's decision to strike a claim for punitive damages based on an underlying action against an instrumentality of the United States because in the absence of express statutory authorization, the United States, its agencies and instrumentalities cannot be held liable for punitive damages); *Otto v. Imperial Cas. & Indem. Co.*, 277 F.2d 889, 893-94 (8th Cir. 1960) (holding that the trial court properly granted a motion to strike a claim for punitive damages because punitive damages are not recoverable on a breach of contract claim under Missouri law).

Under Iowa law, a plaintiff may make a claim for punitive damages pursuant to Iowa Code section 668A.1 based on a products liability action. *See McClure v. Walgreen Co.*, 613 N.W.2d 225, 231 (Iowa 2000) (holding there was sufficient evidence to submit the issue of punitive damages to the jury when a reasonable jury could find that the defendant knew that the failure to warn of drug side effects could cause injury and acted willfully and wantonly by failing to warn the plaintiff of such side effects); *see also Lovick v. Wil-Rich*, 588 N.W.2d 688, 699 (Iowa 1999) (holding that the trial court properly submitted the issue of punitive damages to the jury because a reasonable jury could infer from the evidence that the defendant's conduct amounted to "willful and wanton disregard for the rights or safety of another" when the defendant failed to warn the plaintiff of a

product's potential dangers (quoting Iowa Code § 668A.1) (internal quotation marks omitted)).

### 3. *Application*

As discussed above, a products liability action may support a claim for punitive damages in Iowa. *See McClure*, 613 N.W.2d at 231 (affirming the district court's consideration of punitive damages in connection with a products liability claim); *Lovick*, 588 N.W.2d at 699 (same). Thus, the court shall not strike Sparks's claim for punitive damages for a lack of proper underlying action.

In the Complaint, Sparks alleges that Defendants knew of the high probability that the hip implant would cause injury by prematurely deteriorating "but nevertheless proceeded with conscious indifference to the rights, safety or welfare of consumers." Complaint ¶ 68. The court finds that this general allegation of Defendants' state of mind is sufficient support to plead "willful and wanton disregard for the rights or safety of another" under Iowa Code section 668A.1(1). *See* Fed. R. Civ. P. 9(b). Therefore, the court denies the Motion to the extent that it requests Sparks's claim for punitive damages be stricken.

## VII. CONCLUSION

In light of the foregoing, Defendants, Wright Medical Technology, Inc. and Wright Medical Group Inc.'s "Motion to Dismiss Counts II, III and IV of Plaintiff's Complaint and to Strike Claim for Punitive Damages" (docket no. 5) is **GRANTED IN PART** and **DENIED IN PART**. Counts II, III and IV of the Complaint are **DISMISSED**. Defendants' request to strike the claim for punitive damages is **DENIED**. Counts I and V of the Complaint remain.

**IT IS SO ORDERED.**

**DATED** this 22nd day of April, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA